ERIC GRANT
United States Attorney
MATTHEW DE MOURA
Special Assistant United States Attorney
DAVID W. SPENCER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:25-CR-0204-DJC |
| Plaintiff, | STIPULATION AND JOINT REQUEST FOR PROTECTIVE ORDER; [~~PROPOSED~~] PROTECTIVE ORDER |
| v. | |
| ROBERTO JESUS TADEO BELTRAN, | |
| Defendant. | |

## I.     **STIPULATION**

1.      Plaintiff United States of America, by and through its counsel of record, and defendant Roberto Jesus Tadeo Beltran, by and through his counsel of record ("Defendant" and "Defense Counsel"), for the reasons set forth below, hereby stipulate, agree, and jointly request that the Court enter a Protective Order in this case restricting the use and dissemination of certain materials that could identify confidential sources, and/or that contain personal identifying information ("PII") and other confidential information of real persons.

2.      This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, Local Rule 141.1, and its general supervisory authority.

3.      On August 28, 2025, the Grand Jury returned an indictment charging Defendant with conspiracy to distribute and possess with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 846, 841(a)(1) (Count One), and distribution of fentanyl, in violation of 21 U.S.C. § 841(a)(1) (Counts Four).

4.      As part of its investigation in the above-captioned case, the government is in the possession of documents and other materials relating to the charges against the Defendant, and seeks to provide those materials to counsel for the Defendant.  The government seeks to do so pursuant to its discovery obligations, although some of the materials may exceed the scope of the government's discovery obligations and will be produced to promote a prompt and just resolution of the case.

5.      The government intends to produce to Defense Counsel: (1) audio recordings, video recordings, photographs, and other documents that could identify law enforcement confidential sources; and/or (2) materials containing PII and other confidential information of real persons.  These real persons are third parties, co-defendants, or witnesses to this case.  This discovery will be considered "Protected Material" as described in this stipulation and order, as will any other discovery marked as Protected Material.

6.      The purpose of this stipulation and order is to establish the procedures that must be followed by Defense Counsel, any designated employees, and any other individual who receives access to any Protected Material in this case and the information therein.

7.      The Government shall produce the aforementioned Protected Material to Defense Counsel, designating the discovery with the bates prefix, "TINAJERO_PM_."  This discovery, and any subsequent material discovered by the Government to Defense Counsel using the bates-prefix, shall be considered Protected Material.

8.      All Protected Material in this case is now and will forever remain the property of the Government.  It is entrusted to Defense Counsel only for purposes of representing his/her Defendant during the pendency of this case.

9.      Defense Counsel shall not give any Protected Material to any person other than Defense Counsel's staff assisting in preparation of the present case.  The term "staff" shall explicitly include only attorneys, paralegals, legal assistants, retained experts, and investigators assisting Defense Counsel in the present matter.  The term excludes any other defendant in this matter or any other pending matter

STIPULATION AND [PROPOSED] PROTECTIVE ORDER    2

against the Defendant; any person involved in any case in which discovery concerning the Defendant is produced; and any other person other than those specifically authorized to see Protected Material under this paragraph.

10. Any person receiving access to the Protected Material from Defense Counsel shall be bound by the same obligations as Defense Counsel and, further, may not give any Protected Material to anyone.

11. No members of any of the Defendants' family, friends of the Defendants, personal or professional associates of the Defendants, or any other person affiliated with the Defendants shall be given access to any Protected Material or its contents in any manner, for any reason.

12. Defense Counsel may make copies of Protected Material and may take written or typed notes summarizing it in connection with preparation of the case. If necessary to the litigation of the instant matter, Defense Counsel may also have audio or video forms of Protected Material transcribed. All notes, copies, duplicates, summaries, transcripts, or other representations of or concerning the information in the Protected Material comprises "Protected Material" itself, must be affixed with the corresponding bates numbers and the "Protected Material" ledger, and is subject to all terms of this stipulation and order.

13. Defense Counsel shall maintain a list of persons to whom any Protected Material is being or has been given. Such persons shall be provided with a copy of the executed version of this stipulation and order, shall sign their full names to a copy, and shall in writing acknowledge that they understand its terms and are bound by it. If Defense Counsel is replaced for any reason, or if new counsel is appointed in any phase of the matter, the new counsel shall not have access to any Protected Material until and unless they sign a copy of this stipulation and order, under the terms described in this paragraph.

14. Defense Counsel may use the Protected Material in the defense of Defendant in the instant case in any manner deemed essential to adequately represent him (i.e., in motions that are filed under seal, if necessary; in ex-parte applications as may be needed; and in reproducing and summarizing Protected Material for use in trial preparation summaries, exhibits and as evidence, as may be needed), consistent with this stipulation and order as it shall be originally prepared and signed.

15.    In the event Defense Counsel needs to use any Protected Material in a manner not authorized under this stipulation and order, Defense Counsel is entitled to seek to have this stipulation and order amended by the District Court, after having given notice to counsel for the Government, in a hearing before the District Court, in order to meet the obligations under the Sixth Amendment to the United States Constitution.

16.    Defense Counsel and any authorized members of Defense Counsel's staff are authorized to review with Defendant the contents of the Protected Material.  Defense Counsel and authorized members of his/her staff, however, are prohibited from in any way giving Defendant any Protected Material or any memorialization of the content of any of it, such as: any of the Protected Material itself; copies of any of the Protected Material; copies of excerpts of any of the Protected  Material; or summaries of any of the Protected Material.  This prohibition will not extend to the Defendant viewing the Protected Material in open court should any of these materials or summaries thereof be used in the litigation of this case.

Respectfully Submitted,

Dated:  March 9, 2026

ERIC GRANT
United States Attorney

By:  /s/ DAVID W. SPENCER
DAVID W. SPENCER
Assistant United States Attorney

Dated:  March 9, 2026

/s/ MICHAEL HANSEN
MICHAEL HANSEN
Counsel for Defendant
Roberto Jesus Tadeo Beltran

STIPULATION AND [PROPOSED] PROTECTIVE ORDER        4

# [PROPOSED] FINDINGS AND ORDER

The Court having read and considered the Stipulation and Joint Request for a Protective Order, which this Court incorporates by reference into this Order in full, hereby finds that GOOD CAUSE exists to enter the above Order.

IT IS SO FOUND AND ORDERED this 9th day of March, 2026.

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE